ISRAEL LANDIS, Appellant, *vs.* ISAAC CURD, *et als.*, Respondents.

1. *Principal and surety—Sale by trustee of debtor's lands to re-imburse his sureties—Purchase by surety, what title secured by*.—Where by mutual compact between a principal debtor and his sureties, his lands are conveyed to a trustee to be sold, and the proceeds distributed among the debtor's sureties according to the amounts paid by them respectively on his behalf, at the trust sale a surety will have the same right of purchase as a stranger, and, the sale being *bona fide*, will take the land discharged of the trust. The proceeds of the sale thus became substituted in the trustee's hands for the land itself, and constituted the only fund to which the trustees, or either of them, could look for indemnity.

*Appeal from Buchanan Circuit Court.*

*Hall & Loan*, for Appellant.

I. Plaintiff and the other beneficiaries had a common interest in the property and the judgments. Hence, neither had a right to speculate with the subject matter of the trust at the expense of the other beneficiaries.

"Community of interest produces a community of duty." Isaac Curd's purchases, as set forth in the petition, were, therefore, for the benefit of all the beneficiaries under the deed of trust. (Keech vs. Sanford, 1 Lead. Cas. Eq., 37 ; 35 Mo. 326 ; 2 Black. 613 ; 5 Johns. Ch., 388–407 ; 6 Dana, 171, 176 ; 26 Mo. 421 ; 4 Littell, 187 ; 28 Wis. 312.)

*A. H. Vories*, for Respondents.

I. Even if defendant were a co-surety with plaintiff of the debts named in the deed of trust,—which respondents deny— that relation was severed by the trustee's sale to the extent that each party was free to purchase without making all the remainder of the beneficiaries partners with him.

HOUGH, Judge, delivered the opinion of the court.

It appears from the petition in this case, that on the 28th day of November, 1860, George W. Cargill, being then indebted in considerable sums to divers persons, on judgments, bills of exchange and promissory notes, for which indebtedness Israel Lan-

dis, the plaintiff, Isaac Curd, the defendant, John Curd and William K. Richardson were variously bound as guarantors and sureties, conveyed to one Joseph C. Hull, as trustee, a large amount of real property 'for the purpose of indemnifying and securing from loss the said sureties, whose several liabilities were recited in said conveyance.

By the terms of the trust deed the 'trustee was authorized, in default of Cargill, to discharge his liabilities as they matured, to make sale according to his discretion, of all or any portion of said property, and apply the proceeds thereof to re-imburse to said several parties such sums as they should severally pay in consequence of their liabilities aforesaid.

It was specially provided in the trust deed, which was signed by the beneficiaries, that in the event the property conveyed should prove insufficient to pay all the liabilities of Cargill, the sum realized therefrom should be divided among the sureties for their indemnity, in proportion to their respective liabilities ; and if any one received more than his proper share, he should refund the excess to the others.

In January, 1870, Hull, the trustee, in the regular and proper exercise of the power conferred upon him by the trust deed, sold, at public sale, without any alleged unfairness, the land therein conveyed, and the defendant, Isaac Curd, one of the beneficiaries in said deed, became the purchaser thereof ; and said trustee executed and delivered to him a conveyance for the same.

At a date not specified Isaac Curd paid and took an assignment of two of the judgments mentioned in said trust deed, for which he was not in any way liable, but to which the plaintiff was a party, and had execution issued thereon, and levied upon the property of the plaintiff. Plaintiff thereupon instituted the present suit, claiming that Isaac Curd, by reason of his purchase at the trustee's sale, under the foregoing circumstances, held the lands so purchased by him, in trust to pay said judgments and other liabilities of Cargill, and for the use and benefit of himself, his co-defendants and the plaintiff, and prayed an account of the amounts paid by Curd, and that the land conveyed to him by the trustee, should be sold to re-imburse Curd the amounts paid by

him, and that the balance be divided between plaintiff and defendants according to their respective rights. John Curd and William K. Richardson are dead, and the defendants are their heirs and legal representatives.

At the hearing the court refused to receive any evidence, and dismissed the petition on the ground that it stated no cause of action.

The question presented for our determination is whether the sale by the trustee, under the power conferred upon him by the trust deed, transferred the lands to Curd discharged of the trust, or whether said lands still constituted a trust fund in Curd's hands for the payment of Cargill's debts.

We can see no reason why co-sureties should occupy any better position, or have any greater equities as between themselves, than co-partners or other joint creditors, for whose benefit a trust deed may be made ; and we know of no law forbidding one of two partners, so secured, from purchasing for his own benefit, at a sale made by the trustee, in execution of the power conferred upon him by the trust deed.

The authorities cited by plaintiff's counsel have no relevancy whatever to the case at bar. Some of them relate to the rights and duties of co-tenants, and announce the doctrine that one tenant in common cannot, without the consent of his co-tenants, buy in an outstanding incumbrance, or an adverse title, and appropriate the whole subject to himself, and thus undermine and oust his companion. In others it is held that a purchase by one partner, of partnership land sold under execution against both partners, does not extinguish the right of the other partner to his moiety of the land. These cases proceed upon the principle that it was the duty of the co-tenant in the one case, and the co-partner in the other, to protect the common title from divestiture, and the common property from sale. No such case is presented here. No such duty devolved upon the sureties. It was a sale of the land they had stipulated for. It was by a sale only they were to be indemnified. No attempt was made by Curd to deprive his co-sureties of the benefit of the trust fund, by the acquisition of any incumbrance, or any title superior to that conveyed to Hull.

If the land had been conveyed directly to Landis, Curd and Richardson, their relations to it and to each other would, in some particulars, have been materially different. It was conveyed, however, to another person as trustee, and the only manner in which he could execute the trust, was, to sell the land and apply the proceeds to the payment of Cargill's liabilities, according to the terms of the deed. At such sale Curd had as perfect a right to purchase as any stranger, and the trustee's conveyance passed all the title he had, discharged of the trust. The proceeds of the sale thus became substituted in the trustee's hands for the land itself, and constituted the only fund to which the sureties, or either of them, could look for indemnity. If that fund is still undisposed of, or has been misapplied, the plaintiff has his remedy. If it was insufficient to discharge all Cargill's liabilities, and he has not received his proportional share, he is entitled to the contribution stipulated for; but he cannot go against the land, the sale to Curd being neither fraudulent or unfair.

The judgment of the circuit court will therefore be affirmed. The other judges concur. Judge Vories absent.

———o———

